IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRANDON GROSS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 20-1865 |
| | ) | |
| v. | ) | |
| | ) | District Judge W. Scott Hardy |
| CONSOLIDATED WELL SITE SERVICES, | ) | Chief Magistrate Judge Cynthia Reed Eddy |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM ORDER**

This matter comes before the Court on the Report and Recommendation ("R&R") entered by Chief United States Magistrate Judge Cynthia Reed Eddy on February 18, 2022. (Docket No. 49). By way of background, this employment discrimination action was initiated in this Court on November 24, 2020, when Defendant Consolidated Well Site Services removed the case filed in state court by Plaintiff Brandon Gross. (Docket No. 1). The procedural history of the case is set forth in detail in the R&R. Relevant here, Plaintiff's counsel was permitted to withdraw on May 10, 2021, and the case was stayed to permit Plaintiff to retain new counsel. (Docket Nos. 30, 31). Between the time of a status conference held on June 2, 2021 and January 31, 2022, Plaintiff requested and was granted several extensions of time to continue his search for new counsel to represent him. (*See* Docket No. 49 at 2). After Plaintiff failed to appear at a video status conference scheduled on January 31, 2022, Judge Eddy entered an order to show cause why this case should not be dismissed for Plaintiff's failure to prosecute. (Docket Nos. 46, 47). Subsequently, Plaintiff failed to appear at a show cause hearing scheduled on February 16, 2022, yet he did not contact the Court to indicate that he would be unable to appear. (Docket No. 48).

Given the foregoing, the R&R recommends that this case should be dismissed for Plaintiff's failure to prosecute. (*See* Docket No. 49). Service of the R&R was made on Defendant

1

through the Court's CM/ECF system, and it was informed that any objections to same were due by March 4, 2022. Service of the R&R was made on Plaintiff by mail, and he was informed that any objections were due by March 7, 2022. Thereafter, no party filed any objections to the R&R.

The Federal Rules of Civil Procedure provide that a party may file specific written objections to the proposed findings and recommendations of a magistrate judge, and a district judge must conduct a *de novo* review of any part of the R&R that has been properly objected to. Fed. R. Civ. P. 72(b)(2), (b)(3); 28 U.S.C. § 636(b)(1). Here, however, because no party filed any objections to the R&R, which explicitly states that "[f]ailure to timely file objections will constitute a waiver of any appellate rights," (Docket No. 49 at 4), this Court reviews the magistrate judge's decision for plain error. *See Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *see also* Fed. R. Civ. P. 72(b), Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

In this case, upon careful review of the R&R and the entire record, and finding no plain error on the face of the record, the Court will accept Judge Eddy's recommendation and adopt the R&R as the Opinion of the Court. In so ruling, the Court agrees with Judge Eddy's determination that this case should be dismissed for Plaintiff's failure to prosecute in view of the factors the Court is to consider pursuant to *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868-70 (3d Cir. 1984). As Judge Eddy correctly observed in the R&R: Plaintiff has been given ample opportunity to retain new counsel or proceed *pro se* in this case; because Plaintiff is proceeding *pro se*, he bears all responsibility for failing to appear at the last scheduled video status conference and the video show cause hearing; and, it is impossible for the Court to proceed with this action given Plaintiff's unresponsiveness. (Docket No. 49 at 3-4). For these reasons, this case will be dismissed.

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 14th day of March, 2022, IT IS HEREBY ORDERED that the R&R (Docket No. 49) is ADOPTED as the Opinion of the Court. For the reasons set forth in the R&R, IT IS FURTHER ORDERED that the instant action is DISMISSED for Plaintiff's failure to prosecute.

IT IS FURTHER ORDERED that the Clerk of Court shall mark this case CLOSED.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:   All counsel of record

   Brandon Gross (via U.S. mail)
   401 Stratmore Street
   Pittsburgh, PA 15205